MEMORANDUM **
George August Roux appeals the district court’s order denying his petition for return of minor children under the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601-11610. We have jurisdiction under 28 U.S.C. § 1291. “[W]e accept the district court’s historical or narrative facts unless they are clearly erroneous, but exercise plenary review of the court’s choice of and interpretation of legal precepts and its application of those precepts to the facts.” Papakosmas v. Papakosmas, 483 F.3d 617, 622-23 (9th Cir.2007) (internal quotation marks omitted). We affirm.
We agree with the district court’s conclusion that even if the mother’s retention of the children violated appellant’s visitation rights, it did not violate the Hague Convention because the appellant was not actually exercising his rights at the time of the retention. See 42 U.S.C. § 11603(e)(2)(B). It is undisputed that the father did not come to Arizona to pick up the children himself as provided in the Provincial Court’s May 16, 2005 order. Instead, he sent his mother, who was not a party named in the May 16, 2005 order. The parties dispute whether a subsequent ex parte order authorizing the paternal grandmother to get the children was valid. Even assuming it was, the Hague Conven *571 tion was designed to remedy wrongful removal and retention, and to ensure that rights of custody and access are effectively respected, not to redress a one-time visitation dust-up over which persons are authorized to drive the parties’ youngsters. See Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 19 I.L.M. 1501 (1980).
The parties are strongly cautioned that in the future, if the mother does wrongfully remove or retain the children, or if she fails to respect a valid custody or access order, and the father does attempt to exercise his rights, the mother’s actions could rise to a Hague Convention violation. In that connection, we take judicial notice of the November 24, 2008 Arizona Superior Court judgment ruling that Arizona lacked jurisdiction to make an initial child custody determination, because British Columbia properly had jurisdiction in 2004 and apparently intended to exercise exclusive continuing jurisdiction.
Accordingly, we do not reach the questions of whether the children had dual habitual residences, nor whether actual notice, instead of formal service, is sufficient under Canadian law to render an ex parte order enforceable.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.